UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

SEO LIM TEXTILE CO., LTD.,
derivatively on behalf of Nominal Defendant
T & F INTERNATIONAL, INC.,

CV 10 - 3749




Plaintiff,

Civil Action No.

v.

**COMPLAINT**

SUK CHAN KIM and EUN JOO CHOI

JURY TRIAL DEMANDED

Defendants,

VITALIANO, J.

and

T & F INTERNATIONAL, INC.

Nominal Defendant.

GOLD, M.J.

---------------------------------------------------------------X

**SHAREHOLDER DERIVATIVE COMPLAINT**

Plaintiff SEO LIM TEXTILE CO., LTD., suing derivatively on behalf of T & F International, Inc., by and through its attorneys, Yoon & Kim LLP, submits this shareholder derivative complaint (the "Complaint") against defendants SUK CHAN KIM and EUN JOO CHOI (collectively, the "Defendants" or the "Individual Defendants").

**NATURE OF THE ACTION**

1. This action is a shareholder's derivative action brought for the benefit of T & F International, Inc. ("TFI" or the "Company") against certain of its officers and directors seeking remedies for Defendants' violations of federal and state law, including breach of the fiduciary duties of due care and loyalty, waste of corporate assets, gross mismanagement and unjust

enrichment that occurred between July, 2006 and the present (the "Relevant Period") and that have caused substantial losses to TFI.

**THE PARTIES**

2. Plaintiff Seo Lim Textile, Ltd. ("Seo Lim" or the "Plaintiff"), is a corporation duly organized and existing under the laws of the Republic of Korea and is engaged in the business of manufacturing textile and related products for export. Shi Hyo Choi ("Choi") is a Manager of Seo Lim. Seo Lim is substantially owned by Choi's family. In all matters and events complained of herein, Choi acted as a representative, officer, and agent of Seo Lim.

3. Nominal defendant, T & F International, Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 45-27 Springfield Boulevard, Bayside, New York. TFI is engaged in the business of importing and selling wigs.

4. Upon information and belief, defendant Suk Chan Kim ("Defendant Kim") is an adult individual and is a domiciliary of the State of New York. Upon information and belief, Defendant Kim was, and at all times relevant hereto, an officer and/or director of TFI.

5. Upon information and belief, defendant Eun Joo Choi ("Defendant Eun") is an adult individual and is a domiciliary of the State of New York. Upon information and belief, Defendant Eun was, and at all times relevant hereto, an officer and/or director of TFI. Upon information and belief, Defendant Eun is the wife of Defendant Kim.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(2). The matter in controversy exceeds $75,000.00 and there is complete diversity between Plaintiff

and Defendants. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391(a) and (c) because a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district and because Defendants reside in this judicial district.

**FACTUAL BACKGROUND**

8. Upon information and belief, TFI was incorporated on or about September 21, 2005.

9. Upon information and belief, TFI was wholly owned and operated by Defendants at the time of incorporation and was engaged in the business of importing and selling wigs.

10. Upon information and belief, Defendant Kim was elected as the President and Secretary of TFI pursuant to a special meeting of the board of directors of TFI (the "Board") on or about December 10, 2005. Upon information and belief, Defendant Eun was elected as a director of the Board.

11. In or about March of 2006, Defendant Kim, in his capacity as a director, President and Secretary of TFI, approached Choi and suggested that Seo Lim should consider investing in TFI. In furtherance of these discussions, Defendant Kim made certain representations regarding TFI and its business.

12. Based upon these representations, Seo Lim decided to invest in TFI, believing that TFI's business operations and purpose were mutually complimentary and related to the business operations of Seo Lim.

13. In or about late July of 2006, Seo Lim purchased a 51% stake in TFI for the agreed upon price of $300,000.00. Said $300,000.00 was paid to TFI, and Defendants issued

102 shares of the 200 authorized shares of stock in TFI to Seo Lim. The remaining 98 shares were issued to Defendant Kim.

14. Notwithstanding the purchase, as Seo Lim is a Korean corporation with its principal place of business located in Korea, it was agreed that Defendants would remain in sole control of the day-to-day operations of TFI.

15. It was further agreed between Seo Lim and Defendant Kim that Choi would be named as the marketing director of TFI.

16. In or about June of 2007, Choi's visa application was approved and Choi and his family moved to New York shortly thereafter so that Choi could assume his position at TFI.

17. Notwithstanding Choi's arrival and assumption of his position as marketing director, Defendants refused to relinquish any control of the Company to Choi.

18. Effectively frozen out of the day-to-day operations of TFI, Choi requested the books and records of TFI on behalf of Seo Lim, the majority shareholder of TFI. Such requests were denied by Defendants.

19. In or about March of 2008, despite Defendants' refusal to comply with Seo Lim's requests for the books and records of TFI, Defendant Kim demanded Seo Lim invest an additional $200,000.00 in TFI. Not having been apprised of the financial information and affairs of TFI, Seo Lim rejected Defendant Kim's demand. Thereafter, Seo Lim's demanded return of its initial investment of $300,000.00.

20. On or about December 23, 2008, TFI held a special meeting of shareholders which was called by Seo Lim for purposes of electing a new director to the Board. Accordingly, Young Taek Choi ("Young Choi") was elected as a director of the Board.

21. Young Choi, in his capacity as a director, made another request for the books and records of TFI, which were in the custody, possession and control of the Defendants. To that end, on or about December 26, 2008, Young Choi made a demand upon Defendant Kim requesting that he fully cooperate with this request and to make available all relevant records.

22. Rather than complying with this directive and disclosing the requested documents as required under Business Corporation Law §624, TFI and Defendant Kim commenced a lawsuit in the Supreme Court of the State of New York, County of Queens on or about January 22, 2009. The index number of that suit is 1655/2009.

23. The lawsuit commenced by TFI and Defendant Kim, as plaintiffs, sought specific performance as an alleged an oral agreement whereby Seo Lim's 51% interest was solely implemented in order to allow Choi to apply for and successfully obtain a visa to enter, reside, and work in the United States as TFI's marketing director. Additionally, the lawsuit sought the corporate dissolution of TFI.

24. On or about February 17, 2009, Seo Lim answered the complaint and asserted several counterclaims alleging, *inter alia*, fraud, conversion and unjust enrichment against Defendant Kim.

25. On or about March 26, 2009, Seo Lim moved for an order directing TFI to allow inspection of the books and records by Seo Lim representatives, and enjoining TFI from transferring assets without prior notice and approval of Seo Lim.

26. By order of the Honorable Marguerite A. Grays, dated April 21, 2009, the court granted Seo Lim's application for injunctive relief in part and ordered that TFI and Defendant Kim were enjoined from transferring or encumbering any assets of TFI without prior notice and approval of Seo Lim. All parties were further restrained from taking any action on behalf of the

Company outside the normal course of business. Additionally, Seo Lim's request for inspection of the books and records was granted on the condition that any proprietary information and trade secrets set forth were not to be revealed to any other party without the prior approval of Defendant Kim.

27. Pursuant to the court's order, on or about May 29, 2009, Defendant Kim permitted representatives of Seo Lim to inspect certain of TFI's books and records. Thereafter, on or about July 21, 2009, additional books and records were provided to Seo Lim.

28. Concurrently, Seo Lim received certain financial statements and records from JP Morgan Chase Bank pursuant to a subpoena duces tecum.

29. On or about December 29, 2009, Seo Lim filed a motion for summary judgment seeking dismissal of the complaint. That motion was granted in part and denied in part. The court dismissed TFI and Defendant Kim's second cause of action for judicial dissolution as being procedurally improper. However, with respect to that branch of the motion seeking dismissal of the first cause of action for specific performance, the court found that there existed a triable issue of fact precluding summary judgment.

30. Although Plaintiff maintains that no such oral share forfeiture agreement existed and that it is the majority shareholder of TFI, the fact that such a dispute exists underscores the contentious nature of the relationship between Plaintiff and Defendants. Further, it reflects Defendants' categorical refusal to recognize Plaintiff's rights as a shareholder of TFI.

31. Upon investigation of the books and records of TFI, Seo Lim found a pattern of misappropriation, corporate waste, and violations of statutory shareholder rights.

32. Specifically, it was discovered that, Defendants were engaged in a pattern of egregious conduct, including, but not limited to:

(a) Use of company credit cards for personal expenses such as golf outings, clothing, personal car expenses, cellular phone bills, jewelry, and family trips. Based upon Plaintiff's inspection, it is estimated that such expenses exceed $90,000;

(b) Lease of a luxury automobile using TFI's monies for personal use; and

(c) Wiring a total of $78,000.00 from TFI's corporate accounts to Defendant Kim's mother in Korea for purposes unrelated to the business of TFI. Upon information and belief, those funds were used to repay personal loans of Defendant Kim's mother.

33. Additionally, it was discovered that Defendants looted corporate assets by paying unwarranted salaries to themselves and other family members. It was discovered that:

(a) Defendant Kim's salary more than tripled after Seo Lim demanded return of its investment funds;

(b) Defendant Eun drew a salary exceeding $3,000 per month since January, 2009 and had received a lump-sum payment in the amount of $10,400.00 on or about November 11, 2008;

(c) Defendant's son, Si Rang Kim, also drew a salary from TFI, which more than tripled after Seo Lim demanded return of its investment funds. Upon information and belief, Si Rang Kim is a full-time employee for an accounting firm in New Jersey.

34. Furthermore, Plaintiff discovered that Defendants also operated a wholly unrelated business under the name "Beauty Queen" as a general partnership. Upon information

and belief, Beauty Queen was in operation after Seo Lim's investment in TFI, and was engaged in the selling of cosmetics and beauty supplies.

35. Upon information and belief, Defendants utilized TFI's corporate assets to pay for certain expenses and obligations of Beauty Queen. More than $90,000 of TFI's operating account was diverted to Beauty Queen in that manner.

36. Upon information and belief, Defendants sold Beauty Queen for $45,000.00 in cash. The proceeds of that sale were kept by Defendants rather than being returned to TFI.

37. It was also discovered that Defendant Kim, as a director and president of TFI, failed to call or convene any shareholder meetings since Seo Lim's purchase of the shares in TFI. Upon information of and belief, Defendants never officially adopted by-laws of TFI until a special meeting of the Board in 2008.

38. Upon information and belief, Defendants continue to engage in the wrongful actions delineated previously.

39. Demand upon the Board to undertake the litigation of this action would be futile because each of the named Individual Defendants are directors and are alleged to have participated in the wrongdoing alleged herein during the Relevant Period. It cannot be expected that the Defendants would commence suit against themselves. Additionally, because of the pending action in the Supreme Court of the State of New York and disputes between Defendants and Plaintiff underlying that suit, demand upon the Board would be futile.

**DUTIES OF THE INDIVIDUAL DEFENDANTS**

40. By reason of their position as officers and/or directors of TFI and because of their control of the business and corporate affairs of TFI, Defendants owe to TFI and its shareholders fiduciary duties of trust, loyalty, good faith and due care, and were and are required to use their

utmost ability to control and manage TFI in a fair, just, honest and equitable manner. Defendants were and are required to act in furtherance of the best interests of the Company and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit.

41. Each director and officer of the Company owes to TFI and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets, and the highest obligation of fair dealing.

42. Defendants, because of their positions of control and authority as directors and/or officers of TFI, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein.

43. At all times relevant hereto, each of the Individual Defendants was the agent of each of the other Individual Defendants and of TFI, and was at all times acting within the course and scope of such agency.

44. To discharge their duties, Defendants were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the financial affairs of the Company. By virtue of such duties, Defendants were required to, among other things:

(a) refrain from acting upon material inside corporate information to benefit themselves;

(b) ensure that the Company complied with its legal obligations and requirements, including acting only within the scope of its legal authority;

(c) conduct the affairs of the Company in an efficient, businesslike manner so as to make it possible to provide the highest quality performance of its

business, to avoid wasting the Company's assets, and to maximize the value of the Company's stock;

(d) ensure that the Company maintained an adequate system of financial controls such that the Company's financial reporting would be true and accurate at all times;

(e) remain informed as to how TFI conducted its operations, and, upon receipt of notice or information of imprudent or unsound conditions or practices, to make reasonable inquiry in connection therewith, and to take steps to correct such conditions or practices and make such disclosures as necessary to comply with federal and state securities laws; and

(f) ensure that the Company was operated in a diligent, honest and prudent manner in compliance with all applicable federal, state and local laws, rules and regulations.

**FIRST CLAIM FOR RELIEF**
(Breach Of Fiduciary Duties Of Due Care & Loyalty)

45. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

46. This claim is brought derivatively by Plaintiff on behalf of nominal defendant, TFI, against the Individual Defendants.

47. Defendants were and/or are fiduciaries of TFI, and owed the company a duty to conduct its business loyally, faithfully, carefully, diligent, and prudently. These claims are asserted based on Defendants' acts in violation of state and common law, which acts constitute gross and reckless breaches of fiduciary duties.

48. Defendants, in their role as officers and/or directors of TFI, participated in acts of mismanagement, corporate waste and misrepresentation alleged here, or acted in reckless disregard of the facts known to them, and failed to exercise due care.

49. To discharge this duty, Defendants were required to exercise reasonable and prudent supervision over the management, policies, practices, controls, and financial affairs of TFI.

50. Since incorporation of TFI, Defendants breached the fiduciary duties they owed to the Company and shareholders in a number of ways, including, but not limited to, the following:

(a) failing to hold an annual shareholder's meeting contrary to Article 5.1 of the Company's by-laws and Business Corporation Law § 602, despite Plaintiff's continuous request for notice of such meetings. If stockholder meetings were held, notice for such was deficient and in violation of Business Corporation Law § 605 as Plaintiff has never received notice of a shareholder meeting;

(b) their misconduct alleged herein through their actions to control and influence TFI for their own self-interest rather than the interests of the Company;

(c) failing to employ a reasonable expense reimbursement procedure or require adequate safeguards and procedures to protect inadvertent reimbursement of unnecessary or personal expenses;

(d) engaging in an interested director transaction through the use of TFI's corporate funds to fund the Beauty Queen's operations, whereas both Defendants had a material interest in Beauty Queen which was and is

unrelated to the operations of TFI and personally profiting from the sale of Beauty Queen;

(e) using corporate assets for personal expenses without Board approval, including, but not limited to, golf outings, clothing, car loans, cellular phone bills, jewelry, and family trips; and

(f) paying salaries to family members and increasing their own salaries once a dispute between Seo Lim and Defendants arose.

51. Defendants have been responsible for the gross mismanagement of TFI. Defendants abdicated their corporate responsibilities, obligations, and fiduciary duties by mismanaging TFI, as alleged above.

52. As a result of Defendants' wrongful conduct and actions, TFI has suffered considerable damages in the value of its assets and stock.

53. All Defendants, singly or in concert, engaged in the above-described conduct in grossly negligent and/or reckless disregard of their fiduciary duties to TFI.

54. At all times relevant to this action, Defendants occupied fiduciary positions with TFI that made them privy to confidential material inside information concerning TFI and its operations.

55. By reason of the facts set forth above, Defendants have breached their fiduciary obligations owed to TFI and its shareholders.

56. TFI and its shareholders have been injured by reason of Defendants' grossly negligent breach and/or reckless disregard of their fiduciary duties owed to TFI. Defendants engaged in the above-described conduct without exercising reasonable and ordinary care that they as directors and/or officers owed to the Company and, in bad faith, have wrongfully

breached and/or aided and abetted breaches of fiduciary duties to TFI. Plaintiff, as a shareholder and derivative representative, of the Company, seeks damages and other relief for TFI.

57. The Company has suffered damages as a direct and proximate result of Defendants' intentional breach and/or reckless disregard of their fiduciary duties. Accordingly, Plaintiff seeks damages on behalf of TFI in an amount to be proven at trial, but believed to be no less than $350,000.00.

58. Moreover, Defendants are liable for, and the Company is entitled to, punitive damages in an amount also to be determined at trial attributable to the conduct by Defendants that was reckless, willful, wanton and without regard to the rights of shareholders or the special fiduciary relationship between the parties.

**SECOND CLAIM FOR RELIEF**
(Waste Of Corporate Assets)

59. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

60. In breach of their fiduciary duties of care and loyalty owed to the Company, Defendants participated in or willfully failed to prevent misconduct that caused the Company to waste its valuable assets and otherwise expend unnecessarily and/or improperly its corporate funds in a manner not in the best interests of the Company.

61. By using corporate assets for personal purposes, including but not limited to, the purchase of a luxury automobile and the expenditure of corporate assets for personal expenses such as golf outings, clothing, car loans, cellular phone bills, jewelry and family trips, and remitting corporate money to family members, Defendants abused their positions as officers and directors of the Company by using corporate funds for their own personal benefit and gain and not in the ordinary course of business.

62. Additionally, Defendants wasted corporate assets by, *inter alia*, failing to properly consider the best interests of the Company, failing to conduct proper supervision, and by paying undeserved and inflated compensation to themselves and family members.

63. Defendants, in their roles as officers and directors of TFI, participated in the acts of corporate waste alleged herein, or acted in reckless disregard of the facts known to them, and failed to exercise due care to prevent the additional extraordinary and imprudent expenditures of money and the waste of corporate assets, with the resulting dilution of the shareholders' interest in TFI. Defendants became aware, or should have become aware, of the facts alleged herein, but did nothing to correct them and thereby breached their duty of care, loyalty, accountability and disclosure to the shareholders of TFI and to TFI itself.

64. The Company has suffered damages as a direct and proximate result of Defendants' waste of corporate assets. Accordingly, Plaintiff seeks damages on behalf of TFI in an amount to be proven at trial, but believed to be no less than $350,000.00.

**THIRD CLAIM FOR RELIEF**
(Gross Mismanagement)

65. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

66. By their actions alleged herein, the Individual Defendants abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of TFI.

67. By subjecting TFI to significant decrease in value through corporate waste, or substantial losses due to their failure to monitor, prevent, and/or report their own improper acts in their individual capacity as TFI officers and/or directors, Defendants failed to responsibly, and with due care and loyalty, oversee and implement proper business and accounting practices at

TFI, thereby breaching their duties of loyalty and due care in the management and administration of TFI's affairs and in the use and preservation of TFI's assets.

68. During the course of the discharge of their duties, Defendants knew or recklessly disregarded the unreasonable risks associated with the wrongful conduct described herein, and either participated in or failed to monitor and/or disclose TFI's illegal and improper business practices in accordance with their duties to TFI. As a result, Defendants grossly mismanaged or aided and abetted in the gross mismanagement of TFI and its assets.

69. Additionally, through Defendants' attempts to exclude Seo Lim from the management and control of TFI, Defendants have acted in a self-interested manner and violated their fiduciary duties of loyalty to TFI and Seo Lim.

70. Defendants, in their roles as officers and directors of TFI, participated in the acts of gross mismanagement alleged herein, or acted in reckless disregard of the facts known to them, and failed to exercise due care to prevent the additional extraordinary and imprudent expenditures of money and the waste of corporate assets, with the resulting dilution of the shareholders' interest in TFI. Defendants became aware, or should have become aware, of the facts alleged herein, but did nothing to correct them and thereby breached their duty of care, loyalty, accountability and disclosure to the shareholders of TFI and to TFI itself.

71. As a direct and proximate result of the Individual Defendants' gross mismanagement and breaches of duty alleged herein, TFI has sustained significant damages in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
(Conversion)

72. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

73. Defendants commingled assets of TFI and Beauty Queen and disregarded corporate formalities. Defendants exercised complete domination of TFI, and used such domination in their capacities as directors and/or officers to convert funds rightfully belonging to the Company for Defendants' own personal use.

74. As a direct and proximate result of Defendants' wrongful acts, TFI has sustained, and will continue to sustain, substantial damages in an amount to be proven at trial, but believed to be no less than $350,000.00.

**FIFTH CLAIM FOR RELIEF**
(Unjust Enrichment)

75. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

76. By their wrongful acts and omissions through the use of corporate funds for unapproved personal expenses and compensation, Defendants were unjustly enriched at the expense of TFI, in the form of unjustified salaries, benefits, other emoluments of office, and payment of personal expenses.

77. All the payments and benefits provided to Defendants were at the expense of TFI. The Company received no benefit from these payments. TFI was damaged by such payments.

78. Plaintiff, as a shareholder and representative of TFI, seeks restitution from Defendants, and seeks an order of this Court disgorging all profits, benefits and other compensation obtained by Defendants from their wrongful conduct and fiduciary breaches.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment in favor of the Company against all Defendants as follows:

1. on the first claim for relief in an amount to be determined at trial plus interest thereupon, but in no event believed to be less than $350,000.00;

2. on the second claim for relief in an amount to be determined at trial plus interest thereupon, but in no event believed to be less than $350,000.00;

3. on the third claim for relief in an amount to be determined at trial plus interest thereupon;

4. on the fourth claim for relief in an amount to be determined at trial plus interest thereupon, but in no event believed to be less than $350,000.00;

5. on the fifth claim for relief in an amount to be determined at trial;

6. the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses;

7. punitive damages;

8. such other and further relief as the Court deems just and proper.

Dated: August 13, 2010
New York, New York

**YOON & KIM LLP**
Attorneys for Plaintiff

By: ______________________
Young D. Kim (YK3843)
11 East 44th Street – Suite 1400
New York, New York 10017
(212) 584-0058